IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| RONNIE E. PERRY,<br><br>                 Plaintiff<br>    VS.<br><br>JIMMY MURKERSON, SHERIFF,<br><br>                 Defendant | NO. 1:08-CV-96 (CWH)<br><br>PROCEEDINGS UNDER 42 U.S.C. §1983<br>BEFORE THE U. S. MAGISTRATE JUDGE |

# O R D E R

Before the court is a motion seeking summary judgment filed by defendant Jimmy Murkerson, Sheriff of Early County. Tab #12. The motion is supported by a brief, a statement of material facts, and several affidavits. Plaintiff Ronnie E. Perry has filed a response to the motion. Tab #16. The motion is now ripe for review.

All parties have heretofore consented for the United States Magistrate Judge to conduct any and all proceedings herein including the ordering of the entry of judgment. As a result, appeal from judgment may, by law, be taken directly to the United States Court of Appeals for the Eleventh Circuit in the same manner as an appeal from any other judgment of a district court. 28 U.S.C. § 636(c)(3).

## FACTUAL AND PROCEDURAL BACKGROUND

In his complaint, plaintiff Perry has sued Sheriff Jimmy Murkerson alleging violations of his Fourth, Sixth, Ninth, and Fourteenth Amendment rights as well as various provisions of the Georgia Constitution. The events giving rise to these alleged violations began on June 29, 2006. On this date, plaintiff Perry explains that he was simply trying to return a customer's vehicle to the customer's residence in Blakely, GA. As he approached the residence, he observed that there was no place to park in the customer's driveway. As a result, he parked the vehicle in the next door neighbor's driveway. Once parked, he exited the vehicle. He then noticed that his customer's house was being searched by the police and that his customer was being placed under arrest. While observing these activities, he was approached by Deputy Brent Alderman. He was subsequently searched by Deputy Alderman and arrested for possession of cocaine.

Plaintiff avers that his wallet was taken from him at the time of his arrest. The wallet contained some cash and his employee identification. According to the plaintiff, using his identification, the defendant contacted his employer and provided false information about the arrest. This dissemination of allegedly false information purportedly led to plaintiff's termination. In view of the above, plaintiff Perry contends that several of his rights were violated, entitling him to unspecified damages. In response, the defendant have filed the instant motion seeking summary judgment.

## **LEGAL STANDARDS**

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> *(a) By a Claiming Party. A party claiming relief may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(b) By a Defending Party. A party against whom relief is sought may move, with or without supporting affidavits, for summary judgment on all or part of the claim.*
>
> *(c) Time for a Motion, Response, and Reply; Proceedings.*
>
>> *(1) These times apply unless a different time is set by local rule or the court orders otherwise:*
>>
>>> *(A) a party may move for summary judgment at any time until 30 days after the close of all discovery;*
>>>
>>> *(B) a party opposing the motion must file a response within 21 days after the motion is served or a responsive pleading is due, whichever is later; and*
>>>
>>> *(C) the movant may file a reply within 14 days after the response is served.*
>>
>> *(2) The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.*

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences drawn therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the opposing party cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, Slip Opinion No. 92-2485, 1993 U.S. App. LEXIS 33079 (11th Cir.). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn therefrom in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992). "If the facts, taken in the light most favorable to the Plaintiff do not establish a constitutional violation, then the public official should be granted summary judgment as a matter of law." *Brown v. Smith*, 813 F.2d 1187, 1188 (11th Cir. 1987).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish, by going beyond the pleadings, that there are genuine issues of material fact. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

---

[1] *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988).

**DISCUSSION**

In support of his motion seeking summary judgment, and by citing to and relying upon his statement of material facts, affidavits, and other exhibits, defendant Murkerson first notes the fact that he is being sued in his individual capacity, as well as his official capacity as Sheriff of Early County, Georgia. He contends that in this case, there exist no genuine issues as to any material fact entitling him to judgment as a matter of law. The undersigned agrees.

Having carefully reviewed the record in this case, it appears to the undersigned that plaintiff Perry's claims may be separated into two groups: those arising at the time of his arrest and those which occurred *after* he was in custody. As for the first group, plaintiff avers, *inter alia*, that his rights under the Fourth Amendment right were violated at the time of his arrest. In support, he explains that on the date of the incident, and without any justification, he was approached, searched, and then unlawfully arrested by Deputy Brent Alderman. Notably, however, he does not assert that defendant Murkerson personally participated in these actions or was even present at the scene. Moreover, he does not allege or attempt to demonstrate any causal connection between the actions of Deputy Alderman and those of the defendant. Because "it is well established in this Circuit that supervisory officials are not liable under §1983 for the unconstitutional acts of their subordinates on the basis of respondeat superior or vicarious liability," it is clear that the plaintiff's individual capacity claims arising at the time of his arrest must fail. *See Cottone v. Jenne*, 326 F.3d 1352 (11th Cir. 2003).

Insofar as the plaintiff avers that the defendant, in his official capacity, is somehow liable for the allegedly violative actions surrounding his arrest, such allegations are also without merit. Even if it were determined that the defendant Merkerson was not, in his official capacity, entitled to Eleventh Amendment immunity on such claims, plaintiff Perry has failed to attribute the alleged violations of his rights to the enforcement of a policy or practice of the defendant or his department. As such a showing is necessary in order to state a claim, it is apparent that the plaintiff's official capacity claims concerning his arrest must also fail. See *Monell v. New York City Dept. of Social Services*, 436 U.S. 658 (1978).

Plaintiff's final group of claims are those which allegedly arose *after* he was arrested. As noted above, among the items taken from the plaintiff at the time of his arrest was his employee identification. According to the plaintiff, at some point following his arrest, defendant Murkerson became aware of the identity of the plaintiff's employer and then took it upon himself to contact the employer and provide false information about the plaintiff's arrest. Plaintiff alleges that he was terminated from his employment because of this improper communication from the Sheriff. In his deposition, however, plaintiff explains that, after his release from custody, he returned to his job. Moreover, he admits that he remained employed until he was informed that the results of a subsequently administered drug test indicated that he had used cocaine. Interestingly, he further concedes that, upon receiving this notification, he simply chose not to return to work.

It is not entirely clear what, if any, information defendant Murkerson allegedly shared with the plaintiff's employer about the above described arrest. Indeed, defendant Murkerson denies having had any contact with the plaintiff's employer. This denial notwithstanding, it appears, based upon the plaintiff's own testimony, that his employment came to an end as the result of his own continued drug use and/or his decision not to report to work following notification of the drug test results. In any event, in view of the plaintiff's account of the facts, it is apparent that he has failed to show how the alleged conduct of defendant Murkerson led to his subsequent unemployment. Accordingly, with regard to any claims arising after his arrest, plaintiff Perry has failed to state an actionable claim.

Accordingly, the undersigned finds that defendant Murkerson is entitled to judgment as a matter of law. His MOTION FOR SUMMARY JUDGMENT is **GRANTED**.

**SO ORDERED,** this 27th day of SEPTEMBER, 2010.

CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE